**King License**

*Joseph Michael Smith,* for appellant.

*Robert L. Arangio,* for Commonwealth.

LEVIN, J., May 4, 1970.—A hearing de novo was held to determine whether defendant is subject to suspension of his operator's license. At the hearing, the testimony of the arresting officer as to defendant's behavior and manner at and subsequent to the time of his arrest was introduced. Also introduced was the report of a police surgeon who examined defendant and pronounced him *not* under the influence of intoxicants.

The report of the refusal to take the breathalyzer test and the police surgeon's report were made a part of the record of this case. They show the report and the refusal both having been made at 4:30 a.m. We believe, and counsel for the Commonwealth agreed at oral argument, that if the surgeon's report was known to the police officer, that officer would then not have the reasonable grounds referred to in 75 PS §624.1 of The Vehicle Code of April 29, 1959, P. L. 58, as amended.

Since the police reports indicate that the report and refusal were made coincidentally, the evidence as to which actually came first is in irreconcilable conflict.

Since neither the police reports nor any other evidence indicates that the refusal to take the breathalyzer test came *before* the police surgeon's pronouncement, the conflict in evidence must be resolved against the Commonwealth, which has failed to sustain its burden of proving that the breathalyzer test was requested by or "at the direction of a police officer having reasonable grounds to believe" that defendant was driving while under the influence of intoxicating liquor.

Therefore, it is ordered by this court that the appeal of defendant from the order of the Secretary of Revenue is sustained.